IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CELL FILM HOLDINGS, LLC, | Case No. 3:16-cv-01440-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| DOE-50.139.0.92, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Cell Film Holdings, LLC ("Plaintiff") moves, pursuant to FED. R. CIV. P. 45(g) ("Rule 45"), for an order sanctioning non-party Jennifer Powell ("Powell") for failing to attend and testify at a Rule 45 deposition. As discussed below, the Court finds that Powell violated a court order when she failed to attend and testify at the Rule 45 deposition, and should therefore be sanctioned. Accordingly, the Court orders Powell to pay to Plaintiff its attorney's fees and costs resulting from Powell's failure to appear.

## BACKGROUND

On July 16, 2016, Plaintiff filed a Complaint against a Doe defendant identified only by an Internet Protocol ("IP") address. Plaintiff's investigators observed the IP address distributing

PAGE 1 – OPINION AND ORDER

Plaintiff's motion picture, *Cell*, via a public BitTorrent network. Thereafter, Plaintiff issued a subpoena to Internet Service Provider Comcast, pursuant to Standing Order 2016-8, seeking the identity of the IP address subscriber. Comcast returned a subpoena identifying Powell as the subscriber.

Plaintiff's counsel sent letters to Powell, describing the nature of this suit, stating that Comcast identified Powell as the subscriber, encouraging Powell to consult with an attorney, providing Powell with information regarding how to retain *pro bono* counsel, and attaching a copy of Standing Order 2016-7. Powell did not respond. On October 2, 2016, Plaintiff personally served Powell with, among other things, a Rule 45 subpoena, providing notice of her deposition scheduled for October 11, 2016. Powell called Plaintiff's counsel, but did not appear for the deposition or otherwise respond to the Rule 45 subpoena. Plaintiff's counsel sent Powell another notice, inviting her to reschedule the deposition, but Powell did not respond.

On December 2, 2016, Plaintiff filed a Motion for Order to Show Cause, asking the Court to find Powell in contempt for failing to appear and testify at her deposition, and to impose sanctions. After court-appointed counsel was unable to make contact with Powell, the Court ordered Powell to appear for a show cause hearing on January 25, 2017. Powell failed to appear at the hearing, show cause, or respond in any way.

## ANALYSIS

### I.    LEGAL STANDARD

As explained in *LHF Prods., Inc. v. Doe*, No. 3:16–CV–00716–AC, 2016 WL 6208269 (D. Or. Oct. 21, 2016), a district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id*. at *2 (citation omitted). In order to initiate a civil contempt proceeding, a district court "must issue an order to show cause as to why a contemnor should not be held in contempt, as well as a notice of a date

PAGE 2 – OPINION AND ORDER

for the hearing." *Id.* At the hearing, the moving party must establish, by clear and convincing evidence, that the non-party violated a specific and definite court order. *Id.* Sanctions, such as attorney's fees and costs, may be warranted when a non-party fails to comply with a subpoena. *Id.*

## II. DISCUSSION

Plaintiff has established, by clear and convincing evidence, that Powell violated a specific and definite court order. Plaintiff's Rule 45 subpoena, which was issued pursuant to Standing Order 2016-8, "constitutes a court order for which [Powell's] failure to comply could result in a finding of civil contempt." *LHF Prods.*, 2016 WL 6208269, at *2 (citations omitted). Plaintiff personally served Powell with the Rule 45 subpoena, compelling Powell's appearance at a deposition. By failing to appear at the deposition, Powell violated a court order. *See id.* (holding the same). Powell also failed to (1) appear at the show cause hearing on January 25, 2017; (2) respond to court-appointed counsel's communications; or (3) provide any explanation for her noncompliance. On the basis of the foregoing events, the Court concludes that sanctions are warranted here.

Individuals like Powell may disagree with copyright law as applied to BitTorrent use, and may view this type of litigation as unsavory, unfair, or an abuse of judicial process. Nevertheless, the law is the law, and a court order is a court order. If a non-party receives a Rule 45 subpoena, that non-party *must* appear for the scheduled deposition, or contact Plaintiff's counsel to reschedule the deposition. Failure to appear for the deposition is a violation of a court order, and will be sanctioned by this Court.

If the non-party appears for deposition and is not the infringing party, the non-party's involvement in the case is likely over. If the non-party appears for the deposition and accepts

PAGE 3 – OPINION AND ORDER

responsibility for the alleged infringement, the undersigned's statutory damage award will, in almost all cases, be less than the sanction for not appearing at the deposition in the first place. This Court appointed *pro bono* counsel to represent Powell, but Powell chose to ignore the Court's overture. The functioning of our justice system requires respect for, and strict adherence with, court orders. Powell's flagrant disregard for this Court's orders is a serious matter deserving of the sanctions the Court imposes today.

## CONCLUSION

For the foregoing reasons, the Court finds that Powell violated a court order. Accordingly, Plaintiff is entitled to recover its costs and attorney's fees incurred as a result of the failed deposition, the motion for order to show cause, and the show cause hearing. The Court orders Plaintiff to provide, at the appropriate time (as discussed on the record), an itemization of the costs and attorney's fees discussed herein.

DATED this 27th day of January, 2017.

*/s/ Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge