IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CELL FILM HOLDINGS, LLC, LHF PRODUCTIONS, INC., and AUTOMATA PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JENNIFER POWELL, <br><br> Defendant. | Case No. 3:16-cv-01440-SB <br><br> **FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

Cell Film Holdings, LLC ("Cell Film"), LHF Productions, Inc. ("LHF"), and Automata Productions, Inc. ("Automata") (collectively, "Plaintiffs") bring this action against Jennifer Powell ("Defendant"), alleging claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiffs now move for entry of default judgment, pursuant to FED. R. CIV. P. 55(b). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court recommends that the district judge grant Plaintiffs' motion for default judgment.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Cell Film is a Delaware limited liability company and the registered copyright holder of the motion picture *Cell*. (First Am. Compl. ¶¶ 5, 12-14.) LHF is a Nevada corporation and the registered copyright holder of the motion picture *London Has Fallen*. (First Am. Compl. ¶¶ 5, 15-17.) Automata is a "corporation with principal offices in Los Angeles, California," and the owner and registered copyright holder of the motion picture *Automata*. (First Am. Compl. ¶¶ 5, 18-20.)

Cell Film initiated this action on July 16, 2016, against a Doe defendant known only through an Internet Protocol ("IP") address. In its original complaint, Cell Film alleged that an individual used the IP address to distribute *Cell*, *London Has Fallen*, and *Automata* via the BitTorrent network. (Compl. ¶¶ 12-16.) During initial discovery, the Internet Service Provider (Comcast) identified Defendant as the subscriber associated with the IP address. (Crowell Decl. ¶ 4.) On February 8, 2017, after Defendant failed to attend and testify at a FED. R. CIV. P. 45 deposition, Cell Film filed a First Amended Complaint adding Automata and LHF as plaintiffs, and naming Defendant as the person responsible for infringing Plaintiffs' copyrights.

Plaintiffs effected service on Defendant on May 8, 2017. (ECF No. 35.) After Defendant failed to file an answer within twenty-one days, Plaintiffs moved for entry of default, which the clerk entered on July 24, 2017. Plaintiffs now seek a default judgment permanently enjoining Defendant from infringing Plaintiffs' copyrights and awarding statutory damages of "not less than $3,000 per copyright infringed or not less than a total of $9,000." (Pls.' Mot. Default J. at 2, 10.)

///

///

**ANALYSIS**

**I.     STANDARD OF REVIEW**

Pursuant to FED. R. CIV. P. 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed timely to plead or otherwise defend an action. *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("The entry of a default, while establishing liability, 'is not an admission of damages.'") (citation omitted).

FED. R. CIV. P. 55 "provides that after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, district courts in the Ninth Circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir.1986). *See J&J Sport Prods., Inc. v. Salas*, No. 13–cv–05553, 2015 WL 3429153, at *2 (N.D. Cal. May 27, 2015). The *Eitel* factors are: (1) the possibility of prejudice to Plaintiffs; (2) the merits of Plaintiffs' substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72. The "starting point" of the district court's

analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id*. at 1472.

## II. DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066–67 (9th Cir. 2013) (quoting *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003)). The factual allegations set forth in Plaintiffs' First Amended Complaint, which must be taken as true upon default, establish these elements in the present case. Accordingly, a judgment of default is appropriate here. *See, e.g.*, *Voltage Pictures, LLC v. Martinez*, No. 3:15–cv–00002–AC, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015) (concluding that a judgment of default was appropriate where the factual allegations in the amended complaint, taken as true upon default, established the two elements of a copyright claim).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If the Court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Taking the allegations in the First Amended Complaint as true, Defendant willfully infringed Plaintiffs' copyrights. (First Am. Compl. ¶¶ 11, 21-24, 44-46); *see Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("The district court entered default and Poof concedes that its default occurred with respect to a complaint that pled willfulness. Thus, all factual allegations in the complaint are deemed true, including the allegation of Poof's willful infringement of Andrew's trademarks.").

"[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*,

PAGE 4 – FINDINGS AND RECOMMENDATION

40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the court is vested with a considerable amount of discretion in setting the amount of statutory damages. *See id.* at 1010 ("The district court has wide discretion in setting the amount of statutory damages under the Copyright Act."); *see also Broad. Music, Inc. v. Crocodile Rock Corp.*, 634 F. App'x 884, 885-86 (3d Cir. Oct. 30, 2015) ("Courts have wide discretion in determining statutory damages. Indeed, so long as the trial court's statutory damages award falls within the statute's prescribed limits, our review of such award is even more deferential than abuse of discretion.") (citation and quotation marks omitted).

Plaintiffs acknowledge that the economic damages suffered as a result of Defendant's infringing activity are "highly speculative" and "literally incalculable." (Pls.' Mot. Default J. at 5.) Nevertheless, Plaintiffs maintain that the statutory damages awarded should be "at least $3,000 per copyright infringed, or $9,000," to effect the intent of Congress, to deter individuals from engaging in similar conduct, and to punish Defendant for disregarding judicial orders and knowingly engaging in willful infringement.

This Court has consistently recommended the statutory minimum $750 damage award per film in similar BitTorrent cases in which the alleged infringer chose not to appear in court to defend the allegations. *See, e.g., Cobbler Nevada, LLC and Clear Skies Nevada, LLC v. Moss*, No. 3:15-cv-01915-SB, 2016 WL 7856616, at *4 (D. Or. Dec. 19, 2016); *Cobbler Nevada, LLC v. Shaffer*, No. 3:15-cv-01233-SB, 2016 WL 6821145, at *4 (D. Or. Oct. 26, 2016); *Cobbler Nevada, LLC v. Ronne*, No. 3:15-cv-01230-SB, 2016 WL 6821144, at *4 (D. Or. Oct. 26, 2016); *Cobbler Nevada, LLC v. Osier*, No. 3:15-cv-00828-SB, 2016 WL 6211735, at *4 (D. Or. Oct. 3, 2016); *Glacier Films (USA), Inc. v. Tenorio*, No. 3:15-cv-01729-SB, 2016 WL 3766465, at *3 (D. Or. June 22, 2016); *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15-cv-01632-SB, 2016 WL

3148401, at *3 (D. Or. May 12, 2016). Plaintiffs have failed to demonstrate that the infringing conduct in this action is materially different from the several other actions in which alleged infringers were required to pay $750 per copyright.[1] Accordingly, the Court recommends that the district judge award statutory damages in the amount of $750 per copyright, for a total damage award of $2,250.

Plaintiffs also seek injunctive relief preventing Defendant from engaging in future copyright infringement. The Court agrees that this case merits injunctive relief. Under the Copyright Act, a district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," and "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." 17 U.S.C. §§ 502-03. Accordingly, the Court recommends that the district judge "order[] a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Plaintiffs' rights, including without limitation by using the internet to reproduce or copy Plaintiffs' motion pictures, to distribute them, or to make them available for distribution to the public except pursuant to a lawful license or with the express authority of Plaintiffs." *Fathers & Daughters Nev., LLC v. Brown*, No. 16–927–SI, 2017 WL 2378358, at *3 (D. Or. June 1, 2017). The district judge should also "order[] Defendant to destroy all unauthorized copies of Plaintiffs' motion pictures." *Id*.

---

[1] In *Criminal Prods., Inc. v. Turchin*, No. 16-1695-SI, 2017 WL 979099, at *3 (D. Or. Mar. 14, 2017), the district court awarded statutory damages in the amount of $2,500 per copyright infringed. In that case, however, the defendant had "already been through the legal process relating to downloading of motion pictures, consent[ing] to a judgment, [and] pa[ying] the minimum statutory damages." *Id*. Certainly, a higher damage award is appropriate for a defendant who has signed a consent judgment in federal court but continues to use the BitTorrent network to illegally download movies, as that defendant demonstrated that the minimum statutory damage award was not sufficient to deter his further infringement.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge GRANT Plaintiffs' motion for default judgment (ECF No. 44), and award to each Plaintiff $750 in statutory damages (for a total damage award of $2,250).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 25th day of September, 2017.

*/s/ Stacie F. Beckerman*

STACIE F. BECKERMAN
United States Magistrate Judge